IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIANDRA THOMAS,<br><br>   Plaintiff.<br><br>v.<br><br>TAK GROUP, LLC<br><br>   Defendant. | Case No. 1:23-cv-14911<br><br>Hon. Lindsay C. Jenkins |

**PLAINTIFF'S INITIAL STATUS REPORT**

Plaintiff, Diandra Thomas ("Plaintiff"), submits the following initial status report: Plaintiff reached out to Defendant to meet and confer and has received no response.

I. **Nature of the Case**
 A. **Attorneys of Record**:

| | |
|---|---|
| Chad Eisenback, Esq<br>Mohammed Badwan, Esq.<br>Sulaiman Law Group LTD.<br>2500 S. Highland Avenue, Suite 200<br>Lombard, Illinois 60148<br>Phone (630) 575-8181<br>ceisenback@sulaimanlaw.com<br>mbadwan@sulaimanlaw.com<br>*Attorneys for Plaintiff* | James Pittacora<br>Pittacora Law<br>5441 Lawn Avenue<br>Western Springs, IL 60558<br>Telephone: (708) 308-2637<br>pittacoralaw@comcast.net<br>*Attorneys for Defendant* |

 B. **Nature of the Claims:**

Plaintiff's lawsuit arises under American with Disability Act of 1990, 42 USC Sub. Sec. 1201 et seq., seeking redress for Defendant discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, Defendant's disability based harassment and Defendant's retaliation against Plaintiff for engaging in a protected activity.

.

 C. **Major Legal and Factual Issues:**

    **1.** Whether the work environment was objectively and subjectively offensive;
    **2.** Whether the alleged discrimination complained of was based on disability;
    **3.** Whether the alleged discrimination was based on disability;
    **4.** Whether the Defendant Retaliated against Plaintiff;
    **5.** Whether the alleged conduct was either severe or pervasive;
    **6.** Whether there is a basis for employer liability;
    **7.** Whether there was a materially adverse action taken by the employer motivated by unlawful discrimination;
    **8.** Whether Plaintiff was damaged; and
    **9.** Whether Plaintiff mitigated any damages

### D. Relief Sought by Plaintiff:

Plaintiff seeks:

i. Back pay and benefits;
ii. Interest on all back pay and benefits;
iii. Front pay and benefits
iv. Compensatory and punitive damages;
v. Pre-judgment interest;
vi. Injunctive relief;
vii. Liquidated damages;
viii. Punitive damages
ix. Reasonable attorneys' fees and costs; and
x. Any other relief this Court may deem just and equitable

## II. Jurisdiction

Jurisdiction pursuant to 42 U.S.C. §2000 e(f). This action is authorized and instituted pursuant to American with Disability Act of 1990, 42 USC Sub. Sec. 1201 et seq.

## III. Status of Service:

All parties have been served.

## IV. Consent to Proceed Before a Magistrate Judge:

Counsel has informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment, and the parties do not unanimously consent to that procedure

V. **Motions**

There are no pending Motions.

VI. **Proposed Case Plan**

1. **Type of Discovery Needed:**

    I. Written and oral discovery will be needed, including employment documents related to Plaintiff and the alleged harasser, employment policies and trainings, text messages, other electronic communications, witness statements, and damages-related discovery.

    II. Discovery will likely encompass electronically stored information (ESI). The parties have agreed to electronic service and do not anticipate any issues regarding disclosure or discovery of ESI.

    III. At this time, there are no issues or specific agreements regarding claims of privilege or protection of trial preparation materials, except that the parties desire that the Court enter an order regarding a procedure to assert such claims after production pursuant to Federal Rule of Evidence 502(d). The parties anticipate submitting to the Court a proposed Confidentiality Order, which will be based on the Model Confidentiality Order under Form LR 26.2.

2. Fed. R. Civ. P. 26(a)(1) Disclosures to be exchanged on or before: **December 19, 2023.**

3. First date by which to issue written discovery will be **December 29, 2023**.

4. Parties will complete Discovery by **July 15, 2024.**

5. At this time, the parties are unsure about the need for expert discovery and request a status hearing near the completion of fact discovery to advise the Court whether expert discovery is needed.

6. Deadline to file any dispositive motions: **October 15, 2024**.

B. Plaintiff demands a jury trial. The parties estimate 4 to 5 days for the length of the trial.

**VII.** <u>**Settlement**</u>

    A. Plaintiff has made an initial demand.

    B. Defendant has not responded to Plaintiff's initial demand.

    C. Plaintiff believes that a settlement conference would be productive at this time.

Dated: December 5, 2024

Respectfully submitted,

<u>*s/ Chad Eisenback, Esq.*</u>
Chad Eisenback, Esq.
Mohammed Badwan, Esq.
Sulaiman Law Group LTD.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 575-8181
ceisenback@sulaimanlaw.com
mbadwan@sulaimanlaw.com

*Attorneys for Plaintiff*

4